UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN TRIMUEL, et ux., | ) 1:09CV1362 |
| | ) |
| Plaintiffs, | ) JUDGE DONALD NUGENT |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| ARGENT MORTGAGE CO., | ) |
| et al., | ) |
| | ) |
| Defendants | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

John and Debra Trimuel filed a complaint pro se in the Cuyahoga County (Ohio) Court of Common Pleas against defendants Argent Mortgage Co. ("Argent") and American Home Mortgage Service ("AHMS"), which was removed to this court based on its diversity jurisdiction, on June 16, 2009. (Doc. 1.)

On June 19, 2009, defendant American Home Mortgage Service filed a motion to dismiss, asserting that the complaint failed to allege facts sufficient to state a claim for relief. (Doc. 4.) The plaintiffs have not responded to this motion.

The court scheduled a Case Management Conference for Sept. 9, 2009. (Doc. 6.) The pro se plaintiffs failed to appear, and the court issued a Show Cause Order that same day, requiring plaintiffs to show cause why the case should not be dismissed for lack of prosecution. (Doc. 8.) The plaintiffs have failed to respond.

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

The Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007) stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Twombly, 550 U.S. at 555 (citations omitted). See also Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009); Association of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly). The Court stated that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

The allegations of a complaint drafted by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). See also McNeil v. United States, 508 U.S. 106, 113 (1993); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

Nevertheless, more than bare assertions of legal conclusions are required; the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Ayers v. John Does 1-10, No. C1-94-285, 1995 WL 313681, at *1 (S.D. Ohio Feb. 28, 1995) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.

1988)). The court is not required to manufacture allegations which are not pled. McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979); Ayers, 1995 WL 313681, at *1; Abdool-Rashaad v. Seiter, 690 F.Supp. 598, 599 (S.D. Ohio 1987). Here, the plaintiffs' complaint lacks any coherent allegations which plausibly state a claim against the defendants. See generally doc. 1.

In addition, Civil Rule 41(b) provides for involuntary dismissal, where the plaintiff has failed "to prosecute or to comply with these rules or any order of court," once the defendant has moved for dismissal of the action. Fed. R. Civ. P. 41(b); Coleman v. American Red Cross, 23 F.3d 1091, 1094 (6th Cir. 1994). The plaintiffs have not responded to the motion to dismiss, nor have they shown cause for their failure to appear at the Case Management Conference.

Finally, the court notes that it appears the service of process was never effectuated on defendant Argent.

For all of the above reasons, the complaint should be dismissed.

3

RECOMMENDATION

It is recommended that the motion to dismiss (doc. 4) be GRANTED, and the complaint be dismissed with prejudice, pursuant to Rule 41(b).


Dated: Sept. 22, 2009 /s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).